UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| CARMELA MAGNETTI, | : |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| ANGINELL ANDREWS, Superintendent, | : |
| Albion Correctional Facility, | : |
| Respondent. | : |

**MEMORANDUM DECISION**

12 CV 150 (VB)

--------------------------------------------------------------x

Briccetti, J.:

     Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated February 19, 2014 (Doc. #17) on Carmela Magnetti's pro se petition for a writ of habeas corpus. Petitioner challenges her convictions in Westchester County Court for hindering prosecution in the first degree and tampering with physical evidence. She alleges violations of her right to counsel of choice under the Sixth Amendment and her right to a fair trial under the Due Process Clause of the Fourteenth Amendment.

     Judge Davison recommended that the Court deny the petition in its entirety but grant a certificate of appealability on the following question: "where the government intentionally, and without any legitimate governmental purpose, interferes with the relationship between petitioner and retained counsel, must petitioner demonstrate prejudice in order to establish a Sixth Amendment violation of the right to counsel of choice?" (R&R at 34).

     Respondent timely objected to the R&R insofar as it recommends granting a certificate of appealability. (Doc. #21). Petitioner did not file any objections.

     For the following reasons, the Court adopts the R&R to the extent it recommends denying the petition, but the Court declines to issue a certificate of appealability. Accordingly, the R&R is adopted in part and rejected in part, and the petition is DENIED.

**BACKGROUND**

The Court presumes familiarity with the factual and procedural background of this case and sets forth only those facts necessary to resolve respondent's objections.

The criminal case against petitioner arose out of her efforts to help a friend, Anne Trovato, escape prosecution for murder.[1]  In August 2006 petitioner was arrested on a charge of hindering prosecution in the first degree.  The next month she was indicted on that charge as well as on charges of criminal facilitation in the second degree and tampering with physical evidence.

Within a week of her arrest, petitioner retained two attorneys to represent her jointly. Over the next eleven months, Peter Becerra, an investigator with the Westchester County District Attorney's Office, had hundreds of conversations with petitioner's mother, Gloria Magnetti, as part of a "persistent campaign . . . in an attempt to utilize her to persuade her daughter" to agree to testify against Trovato in exchange for a plea bargain.  (Ex. E at 8).[2]  Becerra disparaged petitioner's lawyers in several of these conversations, questioning their competence and commitment to petitioner's defense.

On August 21, 2007, both of petitioner's attorneys moved to withdraw as her counsel at a conference before the Honorable Richard A. Molea, Acting Justice of the Supreme Court, Westchester County.  According to one of petitioner's attorneys, Becerra's conversations with petitioner's mother had "served to undermine irreparably the ability of our client to have any

---

[1]     In 2008, Trovato was convicted in Westchester County Court of murdering her mother (and committing burglary).  Trovato's convictions were affirmed on appeal, People v. Trovato, 68 A.D.3d 1023 (2d Dep't 2009), leave to appeal denied 14 N.Y.3d 806 (2010), and this Court denied her petition for a writ of habeas corpus.  Trovato v. Kaplan, 2013 WL 636956 (S.D.N.Y. Feb. 11, 2013).  Petitioner will be provided with a copy of this unpublished opinion.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2]     All citations to exhibits refer to the exhibits attached to respondent's Memorandum of Law in opposition to the petition.  (Doc. #9).

confidence in us continuing to represent her."  (Ex. B at 3-4).  Counsel described "[t]he thrust of

those conversations" as Becerra "bad-mouth[ing] attorneys in general and us in particular."  (Id.

at 4).

After confirming with petitioner that she was in agreement with counsel's application to

withdraw, Judge Molea granted the application—but not because he concluded Becerra had, in

fact, impaired petitioner's relationship with her attorneys, thereby necessitating a change in

counsel.  Rather, Judge Molea granted the application because, in his view, a defendant who had

retained counsel had a "right . . . to change counsel at any time for cause or without cause."  (Ex.

B at 5) (emphasis added).  Thus, he did not decide "what the reason [wa]s" for the application,

"whether it [was] a reason that has been brought about by actions of the District Attorney's

office or a member of the staff, appropriately or inappropriately, whether there [was] any merit

to it one way or the other."  (Id. at 10).  "The way this Court sees the issue at this point," Judge

Molea explained, "is whether or not a defendant who has retained counsel has a right to change

counsel at any time, and that is what the law is and, in this situation, she is asking to change

counsel.  Counsel is asking to be relieved, so I will grant the application."  (Id. at 10-11).  Judge

Molea then appointed counsel to represent petitioner after she stated she could not afford an

attorney.

Thereafter, petitioner's appointed counsel moved to dismiss the indictment, arguing

Becerra had "so undermined [petitioner's] relationship [with her prior counsel] by instilling

doubt in her and her family as to the way her attorneys were conducting her defense that he made

it necessary for her attorneys to be relieved," thus violating her Sixth Amendment right to

counsel of choice.  (Ex. C, Memorandum of Law, at 3-4).

3

In January 2008, Judge Molea issued a Decision and Order denying petitioner's motion to dismiss the indictment.  He reiterated he had granted her prior counsel's application to withdraw "[w]ithout passing on the legitimacy" of petitioner's claim that Becerra "had irreparably undermined [her] confidence in . . . her attorneys in this case."  (Ex. E at 12).  And although he found Becerra had made efforts "to undermine the faith" petitioner had "in the competence of [her] attorneys and their commitment to her defense" so petitioner would "relieve these attorneys in favor of an attorney who might be more willing to persuade the defendant to cooperate with the People" against Trovato, Judge Molea noted Becerra's "efforts proved fruitless because [petitioner] never did agree to cooperate with the People."  (Id. at 9, 11, 16).  Accordingly, Judge Molea held Becerra's actions "did not result in any founded violation of [petitioner's] constitutional rights."  (Id. at 17).  Judge Molea further concluded dismissal of the indictment was not warranted because, even "assum[ing] the accuracy of [petitioner's] claim that the actions of Investigator Becerra poisoned the attorney-client relationship," Judge Molea was unable "to identify any resultant prejudice" to petitioner.  (Id. at 16-17).

Petitioner proceeded to trial.  On August 29, 2008, the jury acquitted her of the criminal facilitation charge but convicted her of the hindering prosecution and tampering charges.

Petitioner appealed to the Appellate Division, Second Department, arguing, among other things, she was denied her counsel of choice because Becerra's conduct had forced her retained counsel to withdraw.  (Ex. G at 23-34).  The Second Department affirmed her convictions.  The court summarily denied her Sixth Amendment claim, holding, "[u]nder the circumstances of this case, the defendant's Sixth Amendment right to counsel of her choice was not violated."  People v. Magnetti, 78 A.D.3d 863, 863 (2d Dep't 2010) (citing United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006); People v. Mack, 39 A.D.3d 882, 884 (3d Dep't 2007)).

4

The Court of Appeals denied leave to appeal.  People v. Magnetti, 17 N.Y.3d 798 (2011).

Petitioner then commenced this habeas action, asserting she was convicted in violation of her Sixth Amendment right to counsel of choice and her due process right to a fair trial.[3]  The Court referred the petition to Magistrate Judge Davison, and he issued his R&R on February 19, 2014.

In analyzing petitioner's Sixth Amendment claim, Judge Davison assumed Becerra had interfered with petitioner's relationship with retained counsel "intentionally and without any legitimate governmental purpose."  (R&R at 23-24).  Judge Davison based this assumption on Judge Molea's finding that Becerra had engaged in a "persistent campaign" of "undeniably inappropriate and objectionable" communications with petitioner's mother designed to "utilize her to persuade [petitioner] to cooperate with the People" against Trovato.  (Id. at 23) (internal quotation marks omitted).  Judge Davison also concluded Judge Molea denied petitioner's motion to dismiss the indictment because Judge Molea "was unable to identify any resultant prejudice flowing from [Becerra's] actions."  (Id.) (internal quotation marks omitted).  Thus, Judge Davison framed the issue on habeas review as follows: "Assuming Becerra intentionally, and without any legitimate governmental purpose, interfered with petitioner's attorney-client relationship, must petitioner demonstrate prejudice in order to establish a Sixth Amendment violation?"  (Id. at 24).

Citing United States v. Gonzalez-Lopez, Judge Davison recognized a defendant need not demonstrate prejudice to establish a violation of the right to counsel of choice; rather, a defendant need only prove he was "erroneously prevented from being represented by the lawyer he wants."  548 U.S. at 148.  But Gonzalez-Lopez was not dispositive here, Judge Davison

---

[3]      Petitioner's due process claims stem from two evidentiary rulings.  (See R&R at 9-13).

reasoned, because that case involved a "facially direct and absolute deprivation" of counsel (the trial court had wrongfully denied retained counsel's admission pro hac vice), whereas in this case "the issue is whether Becerra's indirect interference with the attorney-client relationship constituted an 'erroneous deprivation' of petitioner's right to counsel of her choice."  (R&R at 25-26).

Judge Davison ultimately recommended (i) denying the Sixth Amendment claim because "there is no Supreme Court precedent directly on point," but (ii) issuing a certificate of appealability to decide if a habeas petitioner alleging a counsel-of-choice violation must show prejudice when the government intentionally and unjustifiably interferes with petitioner's attorney-client relationship.  (Id. at 26, 34).  He also recommended denying petitioner's due process claims.  (Id. at 26-34).

**DISCUSSION**

I.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections

have been made, provided no clear error is apparent from the face of the record.  See <u>Wilds v.</u> <u>United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if she can show that in adjudicating her claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

II.   <u>Respondent's Objection</u>

Respondent contends Becerra did not actually interfere with petitioner's right to counsel of choice, thus obviating the need for this Court to issue a certificate of appealability on the question of whether intentional and unjustified interference with a petitioner's attorney-client relationship, absent prejudice to the petitioner, violates the Sixth Amendment.  (Resp't Mem. at 19-26).

The Court agrees a certificate of appealability is not warranted in this case.

Relying on Judge Molea's finding that Becerra had engaged in a "persistent campaign" of conversations with petitioner's mother designed to "utilize her to persuade [petitioner] to cooperate with the People" against Trovato, Judge Davison "assum[ed] Becerra intentionally,

and without any legitimate governmental purpose, interfered with petitioner's attorney-client relationship." (R&R at 23-24) (internal quotation marks omitted). To be sure, Judge Molea found Becerra <u>tried</u> "to undermine the faith" petitioner had "in the competence of [her] attorneys and their commitment to her defense." (Ex. E at 9). But Judge Molea never found Becerra's conversations with petitioner's mother, in fact, subverted petitioner's relationship with her retained counsel. Indeed, in granting counsel's application to withdraw, Judge Molea emphasized he would not "decide what the reason [wa]s" for the application. (Ex. B at 10). And his January 2008 Decision and Order made clear he granted the application "[w]ithout passing on the legitimacy" of counsel's claim that Becerra "had irreparably undermined [petitioner's] confidence in . . . her attorneys," thereby compelling their withdrawal. (Ex. E at 12).

Accordingly, because no state court ever found, as a matter of fact, that Becerra's conversations with petitioner's mother damaged, impaired or otherwise interfered with petitioner's relationship with her retained counsel, there is no need to issue the certificate of appealability recommended in the R&R.

Respondent's objection is sustained.

The Court has carefully reviewed the remaining portions of the R&R, to which neither party objected, and finds no error, clear or otherwise. The Court thus adopts those portions of the R&R.

## CONCLUSION

The Court adopts the R&R in part and rejects it in part. The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated:  July 16, 2014
        White Plains, NY

                    SO ORDERED:

                    _____
                    Vincent L. Briccetti
                    United States District Judge